**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| RALPH RAYMOND BROWN, | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 2:06-cv-804 |
| v. | ) Judge Terrence F. McVerry |
| KIA MOTORS CORPORATION, and KIA MOTORS AMERICA, INC., | ) Magistrate Judge Francis X. Caiazza |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

In this product liability action, Ralph Raymond Brown ("Brown" or the "Plaintiff") alleges that the 2000 KIA Sportage he was operating at the time of a 2004 accident was not crash worthy because: 1) a defect in the passenger restraint system caused it to tear, resulting in Brown's ejection from the car; and 2) the lack of laminated safety glass in the driver's side window caused him to suffer more extensive injury than he otherwise would have. Brown filed suit in the Court of Common Pleas of Allegheny County on May 24, 2006. The Defendants (or "Kia") removed the action to the United States District Court for the Western District of Pennsylvania on June 16, 2006, alleging

diversity jurisdiction. On November 7, 2006, Kia filed a Motion to Transfer Venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1404 (a), asking that this matter be moved to the United States District Court for the Western District of Virginia. This court respectfully recommends that the Motion to Transfer (Doc. 27) be denied.

## II. <u>REPORT</u>

### A. <u>THE LAW</u>

A plaintiff's choice of forum is the paramount consideration in deciding whether transfer of venue is warranted. The decision to grant a motion for transfer of venue lies within the broad discretion of the district court, but is not to be liberally granted. <u>Shutte v. ARMCO Steel Corp.</u>, 431 F. 2d 22, 25 (3d Cir. 1970); <u>Superior Precast Ins. v. Safeco Ins. Co. of Am.</u>, 71 F. Supp. 2d 438, 445 (E. D. Pa. 1999). The controlling statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The defendant bears the burden of proving that venue is proper in the transferee district and that convenience and justice would be served by transferring the action to this other district. <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir.1995). "[U]nless the balance of convenience of the parties is strongly in favor of [the] defendant, the

plaintiff's choice of forum should prevail." <u>Owatonna Manuf. Co.
v. Melroe Co.</u>, 301 F. Supp. 1296, 1307 (D. Minn. 1969).

The Court of Appeals for the Third Circuit has set out a
series of public and private considerations that must be balanced
when evaluating a request for transfer of venue. <u>Jumara</u>, 55 F.3d
at 879. Relevant private interests include : 1) plaintiff's
choice of forum; 2) defendant's choice of forum; 3) where the
claim arose; 4) the convenience of the parties as indicated by
their relative physical and financial conditions; 5) the
convenience of the witnesses, but only to the extent that the
witnesses may actually be unavailable at trial; and 6) the
location of the books and records insofar as these could not be
produced in the alternative forum. <u>Id.</u> The public interests to be
examined include: 1) the enforceability of the judgment; 2)
practical considerations that could make the trial easy,
expeditious, or inexpensive; 3) the local interest in deciding
local controversies; 4) the public policies of the fora; and 5)
the judge's familiarity with the applicable state law. <u>Id.</u> at
879-80.

Courts must consider both sets of factors in light of the
general rule that the plaintiff's choice of forum is entitled to
great weight. <u>Id.</u>

**B. <u>THE DEFENDANTS' ANALYSIS OF FACTORS RELEVANT TO TRANSFER</u>**

According to Kia, the private interests identified in <u>Jumara</u> favor overriding Brown's forum choice. First, Kia argues that Pennsylvania lacks any connection to the accident underlying Brown's claims. On May 27, 2004, Brown, driving a Kia vehicle manufactured in Korea, was injured in an accident in Page County, Virginia where he lived and worked. He was taken to and treated for two months in Virginia hospitals. Kia also notes that the first responders, including law enforcement, medical, and accident investigation personnel, were from Virginia. According to the Defendants, it is particularly significant that Brown received medical treatment in Virginia for serious back injuries preceding the crash. (Doc. 27-1 at 2). Records detailing this treatment are relevant, Kia says, because Brown "now claims the same and similar injuries as a result of the crash." <u>Id.</u>

The Defendants also argue that the convenience of the non-party witnesses is critical. "In order for [these witnesses] to testify at trial, they must be willing to appear voluntarily." (Doc. 32 at 5)."[I]f they do appear, they will miss time from work, incur significant expense, and probably have to spend one or two nights in a hotel to travel to this forum . . . . Only if this case is transferred to Virginia is the jury likely to be able to see and hear the witnesses live." <u>Id.</u>

Kia turns last to the public interests that favor litigating this matter in Virginia, placing primary emphasis on

administrative difficulties likely to arise if Virginia-based witnesses are permitted to testify via deposition. "The federal rules do not distinguish between trial and discovery depositions . . . . The court will have to spend countless hours ruling on objections." Id. Furthermore, videotaped testimony will result in "an utterly boring trial" subjecting the jury to "poorly produced home-movie quality depositions" Id. Finally, Kia argues that coordinating the appearance of the Virginia witnesses will be difficult, will waste the time of the court and witnesses, and will frustrate jurors.

Finally, the Defendants argue that Virginia's interest in litigating the particulars of an automobile accident on one of its roads, and the fact that Virginia law may govern favor transfer of this action to the Virginia federal court.

## C. <u>ANALYSIS</u>

The Defendants have failed to overcome the law's strong presumption in favor of the plaintiff's choice of venue. Brown's forum preference is based on his longstanding connection to Pittsburgh. He lived in the City for most of his life, and has close and extended family here who have given him the substantial assistance and care that he requires as a result of the accident. He has a strong medical support network in Western Pennsylvania, and his ongoing medical needs favor litigating in Pennsylvania. Brown's inability to care for himself, the fact that his

caregivers cannot accompany him to Virginia, and the difficulties posed by the need to transport and maneuver his large and heavy wheelchair are formidable obstacles to trial outside of this district. In contrast, Kia has not alleged that it has any corporate or convenience-related justification for seeking to litigate in Virginia; its primary contention is that venue in Virginia is appropriate because the accident underlying Brown's claim occurred there. Given the nature of this suit, however, the site of the accident is not as critical as Kia contends.

As the court noted at the outset, this is a product liability action. Consequently, this claim does not have a single "situs." Kia is a California corporation whose cars are manufactured in Korea with parts that likely originated elsewhere. It is impossible to say, at this point, where the design and manufacture of the allegedly defective component parts took place. Given the complexity of the litigation, the fact that the vehicle crashed in Virginia is not a compelling favoring the transfer of venue. *See* Duvall v. Avco Corp., No. 4:CV05-1786 2006 WL 723484 * 2 ( M.D. Pa. Jan. 30, 2006).

Kia's argument that it will be inconvenient and expensive for Virginia-based witnesses to appear in Pennsylvania has limited merit, as does its argument based on the location of relevant medical records. The convenience of witnesses and the availability of records figure in the determination of venue only

to the extent that witnesses or documents may actually be unavailable for trial. <u>Jamara</u>, 55 F.3d at 879. The Defendants have not established that essential witnesses will be unavailable to testify in person or via video deposition in Pittsburgh, nor have they shown that access to relevant records will be impaired.

The public interests implicated by the request to transfer venue are largely inapplicable. The record does not show that the district court in Pennsylvania will face any difficulty enforcing a judgment, or that the public policy of either forum is relevant. Furthermore, as the court has explained, this matter does not implicate a local interest or controversy. Kia contends that discovery and trial testimony will be more difficult to manage if the court is required to deal with the videotaped testimony of multiple witnesses. Kia also argues that ensuring the availability and orderly presentation of out-of-state witnesses may require more time and effort than would be the case with local witnesses. While both of these observations may be true, the court is confident that trial courts in each jurisdiction have had experience with and are well equipped to deal with these administrative burdens in an expeditious manner. Finally, the court is confident as well that the district court in Pennsylvania will have no difficulty applying Virginia law if, indeed, the law of that jurisdiction controls.

### III. <u>CONCLUSION</u>

The Defendants have failed to overcome the strong presumption favoring the Plaintiff's choice of venue. *See* <u>Schutte</u>, 431 F.2d at 25. Accordingly, the Defendant's Motion for Transfer of Venue (Doc. 21) should be denied.

In accordance with the Magistrate's Act, 29 U.S.C. § 636 (b) (1) (B), 636 (b)(1)(b) and (c), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 2, 2007. Responses to objections are due by February 12, 2007.


January 17, 2006



<u>S/ Francis X. Caiazza</u>
Francis X. Caiazza
U.S. Magistrate Judge

cc:

Counsel of Record
Via Electronic Mail

-8-