```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

|  |  |
|---|---|
| RALPH RAYMOND BROWN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KIA MOTORS CORPORATION,<br>and KIA MOTORS AMERICA,<br>INC.,<br><br>　　　　Defendants. | Civil Action No. 2:06-cv-804<br><br>Judge Terrence F. McVerry<br><br>Magistrate Judge<br>Francis X. Caiazza |

MEMORANDUM ORDER

On June 26, 2006, this case was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On January 17, 2007 the magistrate judge issued a Report and Recommendation (Doc. 42) recommending that the District Court deny the Defendants' Motion to Transfer Venue (Doc. 27) pursuant to Fed. R. Civ. P. 7 and 28 U. S. C. §1404(a).

Service of the Report and Recommendation was made on the parties. Plaintiff's Objections (Doc. 43) were filed on January 22, 2007. Objections were filed by the Defendants (Doc. 46) on

February 2, 2007. The Plaintiff's Response (Doc. 46) was filed on February 12, 2007.

After reviewing the pleadings and documents in the case, together with the Report and Recommendation and the Objections and Response thereto, the court does not find the conclusion reached in the Report and Recommendation to be clearly erroneous or contrary to law.[1] Thus, the following order is entered:

AND NOW, this 15th day of February, 2007 IT IS HEREBY ORDERED that the Defendants' Motion to Transfer Venue (Doc. 27) is **DENIED**.

The Report and Recommendation of Magistrate Judge Caiazza dated November 8, 2006 (Doc. 14 )is hereby adopted as the opinion of the court.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

cc:

Francis X. Caiazza

Counsel of Record
Via Electronic Mail

---

[1] In Objections filed by the Plaintiff (Doc. 43) it is correctly noted that a motion to transfer venue is not a dispositive motion, and that the magistrate judge's recommended disposition thereof is not subject to *de novo* review, but is reviewed instead under a "clear error" or "contrary to law" standard. *See* Fed. R. Civ. P. 72(a).