UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

**RALPH RAYMOND BROWN,**

    Plaintiff,

v.                                                   NO.  2:06-CV-00804-TFM

**KIA MOTORS CORPORATION and
KIA MOTORS AMERICA, INC.,**

    Defendants.

### PLAINTIFF'S MOTION TO USE EXHIBITS IN OPENING STATMENT

Plaintiff moves for an Order of the Court allowing Plaintiff's counsel to use the following exhibits during opening statement:

1. Joint Exhibit No. 6 – subject seat belt and retractor

2. Plaintiff's Exhibit No. 1 – exemplar vehicle buck

3. Plaintiff's Exhibit No. 2 – alternative design survey photographs

4. Plaintiff's Exhibits Nos. 3-8 – exemplar cutaway models of alternative design seat back recliner handles

5. Plaintiff's Exhibit No. 14 – accident reconstruction layout diagram

6. Plaintiff's Exhibit No. 22 – excerpts from Kia crash test designated as Defendants' Exhibit # 74 – pre and post crash photos KMA00751

7. Plaintiff's Exhibit No. 32 – Dr. Dunn's photographic comparison of the configuration of the subject seat belt severance pattern and an exemplar seat back recliner lever

As shown in the attached letter of Plaintiff's counsel dated December 31, 2009, included in Exhibit A, Plaintiff's counsel notified Defense counsel of its proposal to use these exhibits in opening statement in the liability phase of the trial and requested Defense counsel to provide notice if it had any objections.

1

The only response received thus far is Defendants' Objections to Plaintiff's Exhibit List [Document # 255] in which the Defendants have objected to Plaintiff's Exhibit Nos. 1-8, 22 and 32.

Plaintiff's Exhibit No. 1 is an authenticate replica of the subject vehicle taken from an exemplar of the same make, model and model year constructed by one of the most experienced vehicle buck model makers in the country, Richard Clarke, whose vehicle buck models have been judicially qualified and used in several similar actions including the United States District Court for the District of South Carolina in <u>Viggiano v. Ford Motor Co.</u>, C/A No: 2:03-459-23 and in the Court of Common Pleas for Spartanburg County in <u>Knuckles v. Toyota Motor Corporation, et al.</u>, C/A No: 2004-CP-42-200.  It consists of the driver's vehicle seat and seat restraint system, the center console and the B-Pillar housing the retractor and D-ring guide loop. It graphically shows the relationship between the seat back recliner lever and the driver's lap belt, and the seating position is fully adjustable just as in the subject vehicle.  It will materially aide the jury in understanding the issues of this case, and the Plaintiff's experts in their presentation to the jury.  To the extent that Defendants' complain that it does not include components which restrict occupant motion such as the driver's door, steering wheel, dashboard and windshield, the Defendants' have their own vehicle buck which apparently includes all of these components [see Defendants' Exhibit No. 10], which the Defendants can use with their own experts.  Plaintiff's vehicle buck has been inspected by a representative of Defense counsel's office and by Defendants' seat belt expert John Hinger who apparently have no objections to the accuracy of the buck other than the non-inclusion of those components which the Defendants have included in their own vehicle buck.

Plaintiff's Exhibit No. 2 consists of a photographic study of alternative design vehicle seats and seat belt recliner levers conducted by an employee of Richard Clarke's office at Mr. Clarke's request and in the presence of Plaintiff's counsel. The photographic documentation of this survey was done by Mr. Clarke's office at the request of Plaintiff's seat belt expert Dr. David Renfroe who included this study on p. 5 of his expert report dated July 13, 2007, under the heading "SUBSTANTIALLY SAFER ALTERNATIVE DESIGNS." In Dr. Renfroe's report, under this heading, he states as follows:

> An Alternative Design Study conducted by Clarke Automotive Consultants is included in Tab B. It shows several substantially safer alternative designs from competing vehicles manufactured between 1988 and model year 2000. This survey supports a conclusion that there were a large number of substantially safer alternative designs which were available in production vehicles prior to the production of the subject vehicle.

In Dr. Renfroe's December 4, 2007 deposition, excerpts from which are included in attached Exhibit B, this survey was identified on p. 9, lns. 5-6, as "Clarke Automotive Consultants Alternative Design Survey" and marked as deposition exhibit no. 21 [see Exhibit B, 14:2-3].

On pp. 38-39 of his deposition, Dr. Renfroe was questioned further about this alternative design survey, stating that "it has 11 separate examples of safer designs" [see Exhibit B, 38:9-17], with the following explanation:

> Q. So it is your testimony that if Mr. Brown had been driving any of these 11 vehicles he would not have been ejected from his vehicle and injured?
>
> A. Yes. . . . Or if any one of these designs would have been incorporated in this vehicle, that would have been also the same result.
>
> Q. And what is the basis for that opinion?
>
> A. Just that . . . all of these designs, the handle is recessed in such a way that the belt – you can't get it under the – the handle of the reclining mechanism [see Exhibit B, 39:7-19].

By contrast, Dr. Renfroe testified that in the subject Kia Sportage seat design "that someone could accidentally loop the seat belt webbing behind the seat belt lever" [see Exhibit B, 87:1-4], and that "you can look at the [subject] design and see that it easily slips behind the seat belt [sic, should be seat back] lever" [see Exhibit B, 87:11-13].  So the statement in Defendants' objection to Plaintiff's Exhibit List, Document 255, ¶ 2, that "Plaintiff's experts cannot articulate what features these designs have that purportedly make them superior to the recliner handle in the 2000 Kia Sportage" is obviously inaccurate.

Plaintiff's Exhibit Nos. 3-8 are exemplar cutaway models of these alternative design seat back recliner levers which were prepared by Richard Clarke at the request of Dr. Renfroe.

Plaintiff's Exhibit No. 22, to which the Defendants have also objected, is an excerpt from Defendants' Exhibit No. 74, a May 26, 1996 crash test involving an identical design Kia Sportage seat, in which the seat belt has migrated forward to a position where it also is entrapped underneath the seat back recliner lever in the post-test photograph [see KMA00751 attached as Exhibit C].  This exhibit shows that the seat belt in the subject design can easily migrate into a position of entrapment under the seat back recliner lever in an accident, and it also provides notice to Kia of the potential danger of its allegedly defective design.

Plaintiff's Exhibit No. 32, a copy of which is attached in Exhibit D, is simply a comparison of the configuration of the lower sheet metal edge of an exemplar seat back recliner lever with the severance pattern of the subject seat belt at approximately 10" from the anchor point.  As shown in the excerpts from the expert witness report of Defendants' seat belt expert John Hinger included in Exhibit E, Mr. Hinger admits that "the shape of the cut in the webbing resembles the shape in the recliner handle" [see attached Exhibit E], and the Plaintiff should

certainly have the liberty to demonstrate this to the jury, as it is central to the theory of the Plaintiff's case.

Plaintiff respectfully requests a ruling by the Court on such objections prior to opening statement and permission to use such exhibits in opening statement subject to such ruling.

## CONCLUSION

The Court in its discretion should allow Plaintiff's counsel to use Joint Exhibit No. 6 and Plaintiff's Exhibit Nos. 1-8, 14, 22 and 32 in opening statement.

RALPH R. BROWN

By Counsel

By:     /s/ Mark F. Conboy
Mark F. Conboy, Esquire
PA ID# 67688
CONBOY & ASSOCIATES, LLC
One Oxford Centre
Suite 2501
Pittsburgh, PA 15219
Tel: (412) 325-7700
Attorney for the Plaintiff
Of Counsel:

Roger A. Ritchie
RITCHIE LAW FIRM, PLC.
71 South Court Sq.
Ste. A
Harrisonburg, VA 22801
Tel: (540) 433-6124

J. Kendall Few
J. KENDALL FEW, P.A.
95 Stillhouse Ridge
Greer, SC 29650
Tel: (864) 334-1400

**Attached Exhibits**

| | |
|---|---|
| Exhibit A | Letter of Plaintiff's Counsel Dated December 31, 2009 |
| Exhibit B | Excerpts from the Deposition of Plaintiff's expert David A. Renfroe, Ph.D. Dated December 14, 2007 |
| Exhibit C | Excerpt from a May 26, 1996 Crash Test [KMA 00751] [Plaintiff's Exhibit No. 22] |
| Exhibit D | Photographic Comparison [Plaintiff's Exhibit No. 32] |
| Exhibit E | Report of Defendants' Expert John Hinger Dated November 19, 2007 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2010, that I electronically filed a copy of the foregoing document and the document was served according to this Court's provision for service as set forth in the pre-trial orders via the Court's CM/ECF system which will in turn notify all counsel of records who are participants in the CM/ECF system of such filing.

By: ___/s/ Mark F. Conboy_____
Mark F. Conboy, Esquire
PA ID# 67688
CONBOY & ASSOCIATES, LLC
One Oxford Centre
Suite 2501
Pittsburgh, PA 15219
Tel: (412) 325-7700
Attorney for the Plaintiff