IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH RAYMOND BROWN** )<br>         **Plaintiff,** )<br>)<br>v.       )<br>)<br>**KIA MOTORS CORPORATION and KIA** )<br>**MOTORS AMERICA, INC.** )<br>)<br>         **Defendant.** ) | 2:06-cv-804 |

## MEMORANDUM ORDER OF COURT

Pending now before the Court is PLAINTIFF'S MOTION TO ALLOW PLAINTIFF'S EXPERTS RUSSELL DUNN, PH.D. AND DAVID RENFROE, PH.D. INTO THE COURTROOM DURING TRIAL, filed on January 7, 2010, at docket entry number 261 (Doc. # 261), and DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW PLAINTIFF'S EXPERTS RUSSEL DUNN AND DAVID RENFROE INTO THE COURTROOM filed on January 8, 2010 (Doc. # 269). The motion is ripe for disposition.[1]

Plaintiff is seeking the application of an exception to the general rule that witnesses are excluded from hearing the testimony of other witnesses with respect to two witnesses, Russell Dunn, Ph.D., who Plaintiff intends to call as an expert in fiber analysis, and David Renfroe, Ph.D., who Plaintiff intends to call as an expert in seat belts. In particular, Plaintiff intends to sequence his witnesses such that the two experts would testify following the testimony of

---

[1] The Court notes that Plaintiff's motion was filed before any formal request was made by Defendants to sequester Plaintiff's witnesses. However, the motion was apparently filed after discussion between the parties revealed to the Plaintiff that such a request would be made by the Defendants. Furthermore, and more germane for purposes of consideration of Plaintiff's motion, with their response in opposition, Defendants have requested that all witnesses be sequestered during the course of the trial pursuant to Federal Rule of Evidence 615.

Richard Clark, an automotive consultant retained by Plaintiff who is expected to testify as a fact witness.

Under Federal Rule of Evidence 615, "[a]t the request of a party the court <u>shall order witnesses excluded</u> so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." (emphasis added). There are exceptions to this general exclusionary rule in cases of with respect to four categories of persons, one of which is the exception for "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Fed.R.Evid. 615(3)[2]. The Advisory Committee Notes explain that category (3) "contemplates such persons as ... an expert needed to advise counsel in the management of the litigation." As noted by the Court of Appeals for the Ninth Circuit, "The purpose of this rule is to prevent witnesses from 'tailoring' their testimony to that of earlier witnesses." *See United States v. Ell*, 718 F.2d 291, 293 (9th Cir.1983).

As the party asserting a Rule 615(3) exception, Plaintiff bears the burden for showing that the exception applies. *See Government of Virgin Islands v. Edinborough*, 625 F.2d 472, 475 (3d Cir. 1980); *see also e.g. U.S. v. Olofson*, 563 F.3d 652, 660 (7th Cir. 2009); *Opus 3, Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir.1996); *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir.1995). The moving party must "show[ ] that the witness has such specialized expertise or intimate knowledge of the facts of the case that a party's attorney could not effectively function

---

[2] The four categories of persons excepted from the rule of exclusion are : (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present. Fed.R.Evid. 615. The third exception appears to be the only one relevant here.

without the presence or aid of the witness...." *U.S. v. Agnes*, 753 F.2d 293, 307 (3d Cir.1985)(abrogated on other grounds by *Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998))(quotation omitted).

The word "essential" connotes necessary, not preferable or "better than some other state of affairs." *Windsor Shirt Co. v. New Jersey Nat. Bank*, 793 F.Supp.589, 617-618 (E.D.Pa. 1992). Expert witnesses are not automatically exempt from sequestration under Rule 615(3). *See Morvant v. Construction Aggregates Corp.*, 570 F.2d 626, 629-30 (6th Cir.1978), *cert. dismissed*, 439 U.S. 801, 99 S.Ct. 44, 58 L.Ed.2d 94 (1978). The decision to permit a witness to remain in the courtroom is within the sound discretion of the Court. *See e.g. United States v. Mohney*, 949 F.2d 1397, 1404 (6th Cir.1991) (holding that "[t]he decision to permit a witness to remain in the courtroom 'is within the discretion of the trial judge and should not normally be disturbed on appeal'") (citation omitted), *cert. denied*, 504 U.S. 910, 112 S.Ct. 1940, 118 L.Ed.2d 546 (1992).

In support of his motion seeking the presence of his two witnesses during the testimony of other witnesses, Plaintiff avers that the experts' testimony will somehow be based upon the anticipated testimony of a fact witness. Exactly how the expert testimony is to be based upon other live testimony, however, is by no means clear. Plaintiff explains:

> Richard Clarke is an automotive consultant employed by the Plaintiff who inspected and photographed the subject vehicle, photographically documented the removal of the subject seat belt and retractor, and performed two surrogate studies at the request of Dr. Renfroe. An employee of his office took the photographs for Plaintiff's Alternative Design Study, and Mr. Clarke prepared the exemplar vehicle buck, and the exemplar cutaway models in the Alternative Design Survey. Mr. Clarke also conducted a static pull test of the emergency management loop on an exemplar belt

     at the request of Dr. Renfroe and provided the exemplar seat and seat belt recliner lever for Dr. Dunn's inspection and analysis.

Doc. # 261 (identification references as Plaintiff's exhibits omitted).

     In response, Defendants challenges the notion that the presence of the two expert witnesses during the testimony of other witnesses is essential to the presentation of Plaintiff's case. *Inter alia*, Defendants note that the experts have previously examined the physical evidence collected by Clarke, have previously had "unfettered access to the others' materials", have previously prepared and submitted extensive reports, and have previously provided deposition testimony. Doc. # 269.

     It is hard to see in what way the presence of the two experts during the testimony of other witnesses is essential to the presentation of Plaintiff's case. Notwithstanding the explanation averred in his motion, Plaintiff has made no showing of why the experts' presence is necessary, ergo, why the exception should apply. At best, Plaintiff has provided an indication of his projected sequence of witnesses, and the desire to have his experts observe the testimony of others. However, there is no showing, or even suggestion, of why the respective experts must be present for the testimony of other witnesses before testifying. There is a subtle but distinct difference between identifying what one wants, and why an exception to an established rule should apply. This lack of indicia of essentiality is buttressed by Defendants' response that the opinions held by the experts have been previously formed, published and expressed in deposition testimony. Further, there is no indication that "an expert [is] needed to advise counsel in the management of the litigation."

Accordingly, PLAINTIFF'S MOTION TO ALLOW PLAINTIFF'S EXPERTS RUSSELL DUNN, PH.D. AND DAVID RENFROE, PH.D. INTO THE COURTROOM DURING TRIAL is **DENIED**.

SO **ORDERED** this 9th day of January, 2010**.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Mark F. Conboy, Esquire
Email: conboymark@hotmail.com

J. Kendall Few, Esquire
Email: kelli@jkendallfew.com

Michael Layman Ritchie, Esquire
Email: Mritchie@Ritchielawfirm.com

Roger A Ritchie, Esquire
Email: rritchie@ritchielawfirm.com

Christopher C. Spencer, Esquire
Email: cspencer@ohaganspencer.com

Clem C. Trischler, Esquire
Email: cct@pietragallo.com

Elizabeth Kinland Shoenfeld, Esquire
Email: ekinland@ohaganspencer.com

Scott W. Monson, Esquire
Email: smonson@gordonrees.com

Georgia S. Hamilton, Esquire
Email: ghamilton@ohaganspencer.com