IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH RAYMOND BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 06-cv-0804 |
| ) | |
| KIA MOTORS CORPORATION and ) | |
| KIA MOTORS AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER OF COURT**

Presently before the Court is the OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATION OF CRYSTAL STONEBERGER (Document No. 264-2), the SUPPLEMENT STATEMENT IN OBJECTION (Document No. 268) filed by Defendants Kia Motors Corporation and Kia Motors America, Inc., the BRIEF IN OPPOSITION filed by Plaintiff Ralph Raymond Brown (Document No. 270), and the REPLY filed by Defendants (Document No. 275).

Crystal Stoneberger is a material and critical witness as her testimony is central to the liability issues in this case. In Plaintiff's Memorandum in Opposition to the Motion to Transfer Venue, Plaintiff stated that "the most important lay witnesses are those with personal knowledge about the specific product at issue . . . ." Memo. at 10. Crystal Stoneberger clearly falls into this category. Not only did she accompany Cynthia Brown to the salvage lot the day after the accident, Ms. Stoneberger personally examined the vehicle, Ms. Stoneberger was the person who first exclaimed that the seat belt was "broken" (even before Cynthia Brown noticed it), and Ms. Stoneberger was allegedly with Cynthia Brown when Ms. Brown took approximately thirty (30) photographs of the exterior and interior of the vehicle.

Plaintiff filed his Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, knowing full well that, other than himself, all fact liability witnesses were located in Virginia. In fact, in Plaintiff's Memorandum in Opposition to Motion to Transfer Venue, he represented that all of his liability and damage witnesses were available to testify in Pittsburgh. *See* Memorandum at 10 (Document No. 35).

On October 26, 2009, Ms. Stoneberger was deposed with her testimony recorded on videotape. Plaintiff's counsel represents to the Court that at the time of her deposition, he "indicated his intent to present her witness testimony by video deposition rather than by live testimony." However, this statement is directly contradicted by Plaintiff's own Witness List, filed on December 14, 2009, almost six (6) weeks after the Stoneberger deposition, which clearly lists Ms. Stoneberger as a fact witness who will be called live to testify during the liability phase of the trial. Document No. 224.

It appears to the Court that until the eve of trial, Plaintiff's counsel continually represented to Defendants that Ms. Stoneberger would be called as a live witness at trial.[1] Defendants were justified in relying on the representations of Plaintiff's counsel that Ms. Stoneberger would testify live at trial.

On December 21, 2009, Defendants filed their Designations of Discovery Excerpts to be Presented at Trial, which designated multiple excerpts from Ms. Stoneberger's deposition. *See* Document No. 238, Paragraph C. Thereafter, on January 4, 2010, exactly one week before the commencement of the trial, Defendants received the following email which indicated for

---

[1] Ms. Stoneberger is outside of the Court's subpoena power as she resides in Luray, Virginia, which is more than 100 miles from this district court.

2

the first time that Ms. Stoneberger would no longer be testifying live at trial:

> Ms. Hamilton:
>
> We thought we would call Crystal Stoneberger as a live witness, and listed her as such on our witness list.  However, Roger's decided to play her entire video deposition instead of bringing her live.
>
> Thanks.
>
> Gretchen P. Trevvett
> Legal Assistant

Defs' Supp. Stmt, Exh A.  Nothing in the email indicates that Ms. Stoneberger is now unavailable to testify. Rather, quite significantly, the email clearly reflects that Plaintiff's counsel, Roger Ritchie, made the decision "to play her entire video deposition instead of bringing her live."

Federal Rule of Civil Procedure 32(a)(4) provides that the deposition of a witness who is <u>unavailable</u> may be used for any purpose.  Plaintiff has not provided the Court with any justification for Ms. Stoneberger not being available to testify live other than her last-minute Affidavit which indicates, *inter alia,* that because she gave her video deposition on October 26, 2009, she does not want to travel to Pittsburgh. "The preference for a witness's attendance at trial is axiomatic.  When the 'key factual issues' at trial turn on 'credibility' and 'demeanor' of the witness, [courts] prefer the finder of fact to observe live testimony of the witness." *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004).

The Affidavit does not establish that she is unable to come to Pittsburgh.  The Affidavit does not indicate that there has been any change in her circumstances between the time she was listed as a live witness, and the time that Mr. Ritchie changed his mind about calling her to be a live witness. The Affidavit does not indicate that Ms. Stoneberger is not able

to testify because of "age, illness, infirmity, or imprisonment." Fed.R.Civ.P. 4(C).

It is clear from the present record that Ms. Stoneberger is able and willing to cooperate with Plaintiff's attorney. Remarkably, the Affidavit was signed by Ms. Stoneberger, notarized, and filed with the Court at 1:26 PM on January 8, 2009, approximately four and one-half hours after Defendants' counsel raised the issue to the Court in a telephone conference which commenced at 9:00 a.m. Further, the Ritchie Law firm has an independent relationship with Ms. Stoneberger as it appears to have represented her previously with regard to a 2001 car accident.

Again, significant to the Court's decision is the fact that Ms. Stoneberger is a critical witness. Critical witnesses can be likened to experts whose travel and related expenses are virtually always reimbursed by the litigants. It appears that Ms. Stoneberger can drive to Pittsburgh in a rental car for under $40 per day and she is entitled to witness fees and mileage reimbursement.

Moreover, the critical nature of eye witness testimony involves credibility and demeanor. Therefore, it is very important for the jury to observe the live testimony of Ms. Stoneberger.

For all these reasons, the Objection is **GRANTED** and Plaintiff is required to bring Ms. Stoneberger as a live witness if he intends to present her testimony in his case in chief.

So **ORDERED** this 9th day of January, 2010.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:       Mark F. Conboy, Esquire
Conboy & Associates LLC
Email: conboymark@hotmail.com

J. Kendall Few, Esquire
Email: kelli@jkendallfew.com

Michael Layman Ritchie, Esquire
Ritchie Law Firm
Email: MRitchie@Ritchielawfirm.com

Roger A Ritchie, Esquire
Ritchie Law Firm, P.L.C.
Email: rritchie@ritchielawfirm.com

Christopher C. Spencer, Esquire
O'Hagan Spencer, LLP
Email: cspencer@ohaganspencer.com

Clem C. Trischler, Esquire
Pietragallo, Bosick & Gordon
Email: cct@pietragallo.com

Georgia S. Hamilton, Esquire
O'Hagan Spencer LLP
Email: ghamilton@ohaganspencer.com

Elizabeth Kinland Shoenfeld, Esquire
O'Hagan Spencer, LLP
Email: ekinland@ohaganspencer.com

Scott W. Monson, Esquire
Gordon & Rees, LLP
Email: smonson@gordonrees.com