IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH RAYMOND BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06-cv-0804 |
| | ) | |
| KIA MOTORS CORPORATION and | ) | |
| KIA MOTORS AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF COURT**

Presently before the Court is the MOTION TO USE EXHIBITS IN OPENING STATEMENT filed by Plaintiff Ralph Raymond Brown (Document No. 262) and the RESPONSE in opposition filed by Defendants Kia Motors Corporation and Kia Motors America, Inc. (Document No. 274).

Plaintiff moves the Court for an Order allowing Plaintiff's counsel to use certain exhibits during his opening statement. Defendants have responded that they have no objection to Plaintiff using Joint Exhibit 6, the subject seat belt and retractor, or Plaintiff's Exhibit 14, the accident reconstruction layout diagram. Accordingly, Plaintiff's Motion is **GRANTED** as to those two exhibits.

Plaintiff also requests to use his Exhibit 1 - an exemplar vehicle buck. To this request, Defendants respond that they "may withdraw this objection if they are permitted to inspect the buck in the courthouse before opening statements on Monday, January 11, 2010." Plaintiff has represented that Defendants will be given an opportunity prior to opening statements to inspect the buck. Accordingly, this request is under advisement and Defendants

shall inform the Court immediately upon their inspection of the buck as to whether they wish to withdraw or stand by their objection.  Being under advisement is not meant to imply that this motion will not be granted unless the objection is withdrawn.

Finally, Plaintiff has requested to use the following exhibits during opening statement:

>Plaintiff's Exhibit No. 2 - alternative design survey photographs
>
>Plaintiff's Exhibit Nos. 3 - 8  - exemplar cutaway models of alternative design seat back recliner handles
>
>Plaintiff's Exhibit No. 22 - excerpts from Kia crash test designated as Defendants' Exhibit #74 - pre and post crash photos KMA 00751
>
>Plaintiff's Exhibit No. 32 - Dr. Dunn's photographic comparison of the configuration on the subject seat belt severance pattern and an exemplar seat back recliner lever

Defendants have filed objections to these exhibits based on lack of foundation and Federal Rule of Evidence 403 based on confusion and misleading the jury.  *See* Defendant's Objections to Plaintiff's Exhibit List (Document No. 255).

By his request, Plaintiff in essence is seeking an advance evidentiary ruling by the Court on the admissibility of  these substantive evidentiary exhibits.  The Court is not able, however, to make such an advance ruling on admissibility without having heard any testimony

or evidence regarding same. Accordingly, Plaintiff's request to use Plaintiff's Exhibit Nos. 2, 3-8, 22, and 32 is **DENIED.**

So **ORDERED** this 9th day of January, 2010.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Mark F. Conboy, Esquire
       Conboy & Associates LLC
       Email: conboymark@hotmail.com

       J. Kendall Few, Esquire
       Email: kelli@jkendallfew.com

       Michael Layman Ritchie, Esquire
       Ritchie Law Firm
       Email: MRitchie@Ritchielawfirm.com

       Roger A Ritchie, Esquire
       Ritchie Law Firm, P.L.C.
       Email: rritchie@ritchielawfirm.com

       Christopher C. Spencer, Esquire
       O'Hagan Spencer, LLP
       Email: cspencer@ohaganspencer.com

       Clem C. Trischler, Esquire
       Pietragallo, Bosick & Gordon
       Email: cct@pietragallo.com

       Georgia S. Hamilton, Esquire
       O'Hagan Spencer LLP
       Email: ghamilton@ohaganspencer.com

       Elizabeth Kinland Shoenfeld, Esquire
       O'Hagan Spencer, LLP
       Email: ekinland@ohaganspencer.com

Scott W. Monson, Esquire
Gordon & Rees, LLP
Email: smonson@gordonrees.com