IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH RAYMOND BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 06-cv-0804 |
| ) | |
| KIA MOTORS CORPORATION and ) | |
| KIA MOTORS AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER OF COURT**

Presently before the Court is the MOTION TO COMPEL DIGITAL FILES FOR THE PHOTOGRAPHS TAKEN BY PLAINTIFF'S WIFE, CYNTHIA BROWN OR, ALTERNATIVELY, FOR AN ADVERSE INFERENCE INSTRUCTION, with brief in support, filed by Defendants Kia Motors Corporation and Kia Motors America, Inc. (Document Nos. 243 and 244), the MEMORANDUM IN OPPOSITION and SUPPLEMENT filed by Plaintiff Ralph Raymond Brown (Document Nos. 249 and 256), the REPLY BRIEF filed by Defendants (Document No. 260), and the SURREPLY filed by Plaintiff (Document No. 272).

The approximately thirty (30) photographs taken by Cynthia Brown at the salvage yard on the day after the accident are central to the issue of the condition of the seat belt that was in Plaintiff's vehicle. Defendants contend that they have been trying for months to get "good quality prints of these photographs as well as the digital files that were created when the digital photos were taken."[1] On June 16, 2009, counsel for Defendants requested counsel for Plaintiff to provide the digital files for the photographs. Plaintiff's counsel responded that he

---

[1] Copies of photographs were in fact produced, but Defendants argue that "plaintiff failed to produce anything other than poor quality photocopies his counsel has made from poor quality prints." Mot. at 5.

produced "everything in [their] possession with regards to photographs." Plaintiff's counsel further noted that he had spoken with Cynthia Brown and she confirmed that she did not have any digital files. Since June, 2009, Defendants have made multiple requests for the digital files.

On October 26, 2009, Defendants took the trial deposition of Ms. Brown. During that deposition, Ms. Brown testified, *inter alia*, (i) that she never printed the pictures out but rather had taken the memory card out of her camera and given it to representatives of the law firm of Marks and Harrison; (ii) that while she did not recall printing pictures out, she did have photos of the vehicle in a blue folder at home; (iii) Marks & Hamilton had returned the memory card to her; and (iv) subsequently, the entire camera, including the memory chip, was destroyed in a moped accident.

In this Motion, Defendants seek an Order compelling Plaintiff and his counsel to produce the digital files and any first-generation prints of the photographs taken by Cynthia Brown and Crystal Stoneberger on the day after the crash. Alternatively, Defendants ask that if Plaintiff represents there are no digital files available, that the Court give an adverse inference instruction to that jury stating that the digital files, if provided, would have contained information adverse to the Plaintiff. Defendants also request that Plaintiff be precluded from challenging the quality of the photographs that he produced to the Defendants.

On December 31, 2009, Plaintiff over-nighted his original photographs (believed to be "first generation") to Defendants; accordingly, Defendants have withdrawn their request for first-generation prints, but continue to request the digital files and alternative request for an adverse inference instruction.

The request for any first-generation prints is **DENIED AS MOOT** as it appears that Plaintiff has produced his original photographs to Defendants.

The request for an adverse inference instruction is **DENIED.**  Both the law firm of Marks and Harrison, through Affidavit, and Plaintiff's current counsel have represented to the Court that they never had possession of the camera or its memory stick.  Thus, neither law firm ever had the responsibility or obligation to produce the camera or memory stick.

Cynthia Brown, by deposition, provided an explanation for why the camera and memory stick could not be produced, i.e., both had been destroyed in an accident.

Under the established standard for an adverse inference instruction to apply (i) the evidence in question must be within the party's control; (ii) it must appear that there has been actual suppression or withholding of the evidence; (iii) the evidence destroyed or withheld was relevant to claims or defenses; and (iv) it was reasonably foreseeable that the evidence would later be discoverable.  *Ogin v. Ahmed,* 563 F. Supp. 2d 539, 543 ( M.D. Pa. 1996).  It does not appear that these four elements have been met.  The camera and memory stick do not appear to have ever been within Plaintiff's control; likewise, it does not appear that the camera and memory stick were suppressed or withheld, but rather both were destroyed in an accident.  Accordingly, Defendants request for an adverse inference instruction is **DENIED.**

However, with that being said, if the evidence and testimony through the course of trial produces some reasonable basis upon which an adverse inference should be granted, the Court may reconsider this decision.

Finally, Defendants' request that Plaintiff be precluded from challenging the quality of the photographs is **GRANTED,** especially in view of the fact that Plaintiff supplied the photographs to Defendants.

So **ORDERED** this 9th day of January, 2010.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Mark F. Conboy, Esquire
Conboy & Associates LLC
Email: conboymark@hotmail.com

J. Kendall Few, Esquire
Email: kelli@jkendallfew.com

Michael Layman Ritchie, Esquire
Ritchie Law Firm
Email: MRitchie@Ritchielawfirm.com

Roger A Ritchie, Esquire
Ritchie Law Firm, P.L.C.
Email: rritchie@ritchielawfirm.com

Christopher C. Spencer, Esquire
O'Hagan Spencer, LLP
Email: cspencer@ohaganspencer.com

Georgia S. Hamilton, Esquire
O'Hagan Spencer LLP
Email: ghamilton@ohaganspencer.com

Clem C. Trischler, Esquire
Pietragallo, Bosick & Gordon
Email: cct@pietragallo.com

Elizabeth Kinland Shoenfeld, Esquire
O'Hagan Spencer, LLP
Email: ekinland@ohaganspencer.com

Scott W. Monson, Esquire
Gordon & Rees, LLP
Email: smonson@gordonrees.com