IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH RAYMOND BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06-cv-0804 |
| | ) | |
| | ) | |
| KIA MOTORS CORPORATION and | ) | |
| KIA MOTORS AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On Friday, January 15, 2010, after Plaintiff rested his case, counsel for Defendants orally moved in open Court (i) to strike the testimony of the Plaintiff's several experts insofar as they relate to the design development of the subject Kia vehicle due to a lack of sufficient foundation to support their liability opinions and (ii) for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. The Court originally reserved decision indicating that it was not inclined to grant the motion to strike the testimony of Dunn and Renfroe, but that it would give greater consideration to the motions over the weekend.

I have now spent a considerable amount of time in a deliberate and thoughtful review of my notes and the unofficial record of the testimony and evidence presented to the jury by the witnesses, as well as the controlling Virginia case law, and I am now ready to rule on the motions.

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue" and after reviewing all of the evidence in the record finds that, under the governing law, there can be but one reasonable conclusion as to the verdict. *Reeves v. Sanderson*

*Plumbing Products, Inc.*, 530 U.S. 133, 149-150 (2000).  Entry of judgment as a matter of law is a "sparingly" invoked remedy, "granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 300 (3d Cir. 2007).  In performing this narrow inquiry, the court must refrain from weighing the evidence, determining the credibility of witnesses, or substituting its own version of the facts for that of the jury.  *Id.; Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993).  Accordingly, the Court has not weighed the evidence, determined the credibility of witnesses, or substituted its own version of the facts.  Rather, the Court has focused solely on whether there is a legally sufficient evidentiary basis for a reasonable juror to render a verdict in favor of Plaintiff.

    As the parties know, the governing law to be applied in this case is that of Virginia.  Therefore, the first step in this arduous process was to re-examine what a plaintiff must prove in a negligence product liability case under Virginia law -- "the plaintiff must prove that the product contained a defect which rendered it unreasonably dangerous for ordinary or foreseeable use.  In addition, the plaintiff must establish that the defect existed when it left the defendant's hands and that the defect actually caused the plaintiff's injury." *Alevromagiros v. Hechinger Company*, 993 F.2d 417 (4th Cir. 1993) (*citing Logan v. Montgomery Ward & Co.*, 219 S.E.2d 685 (Va. 1975)).

    It is recognized under Virginia law that "[a]n automobile manufacturer is under no duty to design an accident-proof or fool-proof vehicle . . . but such manufacturer is under a duty to use reasonable care in the design of its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision." *Dreisonstok v. Volkswagenwerk*, 489 F.2d 1066, 1070 (4th Cir.

1974) (applying Virginia law) (*quoting Larson v. General Motors Corp.*, 301 F.2d 495, 502 (8th Cir. 1968). Instead, manufacturers are required to design products that meet prevailing safety standards at the time the product is made. *Redman v. John D. Brush and Co.*, 111 F.3d 1174, 1178 (4th Cir. 1997) (*citing Sexton v. Bell Helmets, Inc.*, 926 F.2d 331, 336-37 (4th Cir. 1991)). When deciding whether a product's design meets those standards, a court should consider whether the product fails to satisfy applicable industry standards, applicable government standards, or reasonable consumer expectations. *Alevromagiros,* 993 F.2d at 420.

It is black letter law that the mere fact of an accident does not establish the negligence of either the manufacturer or seller of a vehicle and does not establish that a vehicle was defective or unreasonably dangerous.

In support of his theory that Defendants negligently designed the seat belt restraint system in the subject Kia Sportage, Plaintiff relies heavily upon the testimony of Dr. Renfroe, who without reservation opined that the "seat belt system as designed is defective and unreasonably dangerous." However, critical to this directed verdict determination is the recognition that Dr. Renfroe has not reasonably substantiated that conclusion.

"Settled evidentiary principles" require that expert opinion testimony must rest upon "a bedrock of fact"- facts within the expert's own knowledge or established by other evidence in the case. Mere inferences founded upon inferences "possess no evidential value." *Stover v. Norfolk and Western Ry. Co.*, 455 S.E.2d 238 (Va.), *cert. denied*, 516 U.S. 868 (1995).

While Dr. Renfroe opined that the seat belt restraint system was defective and unreasonably dangerous, neither Dr. Renfroe nor any other expert has linked the actions of the Defendants to the injury of the Plaintiff in this case by proving specific causation. Dr. Renfroe

3

testified that there was no conceivable way that this seat belt at 10 inches from its anchor point was not severed by the sharp metal seat back recliner lever.  However, in his own deposition, Dr. Renfroe conceded that he had no idea how the seat belt webbing got under the recliner lever. Rather, Dr. Renfroe speculates that during the collision roll over, the seat belt webbing got caught under the seat back recliner lever, which under physical load / force partially cut the webbing and the webbing became torn apart.

      However, Dr. Renfroe conducted no tests of the hypothesis of his opinion because as he testified, he could not reasonably replicate the load and forces on the seat belt webbing in the accident.  In fact, and remarkably, Dr. Renfroe to date has not looked at or actually examined the subject vehicle.

      Dr. Renfroe opined that the metal seat back recliner lever of the subject vehicle was sharp, however, he has never physically touched or examined the recliner lever.

      Dr. Renfroe also agreed on cross-examination that for the entire center portion of the seat belt webbing to become entrapped behind the metal portion of the recliner lever, it would be necessary for the recliner handle to have been raised.   However, Dr. Renfroe conceded that there is no evidence in this case that the recliner handle was raised.

      Also significant to this determination is the fact that Dr. Renfroe did not conduct any tests or experiments to determine the angle at which the seat belt webbing had to be presented or in contact with the recliner lever in order to cut the webbing - although he testified that the angle of the metal lever itself "looked" to be 90 degrees.

Dr. Renfroe also never performed any testing or experimentation to determine what load would be necessary to apply to either the seat belt webbing or the recliner lever in order to have the recliner lever pass through or sever the webbing.

Dr. Renfroe did not do any testing or investigation to attempt to determine what force must be applied to the seat belt webbing to have it come apart. And furthermore, Dr. Renfroe did not physically examine the metal recliner lever to determine whether it was indeed sharp.

Nor did Dr. Renfroe ever measure or study the manner in which the components of the seat belt restraint system were assembled; *i.e.*, he did not dissasemble and reassemble the seat belt restraint system, especially the webbing retractor and alleged misaligned web grabber which he concluded cut the webbing at 92 inches.

As stated above, Plaintiff may also satisfy his burden of establishing that the Kia Sportage at issue included an unreasonably dangerous defect if he can show that it deviated from reasonable consumer expections. *See Alevromagiros*, 993 F.2d at 420; *Sexton*, 926 F.2d at 337. Under Virginia law, a plaintiff can establish reasonable consumer expectations through "evidence of actual industry practices, . . . published literature, and from direct evidence of what reasonable purchasers considered defective." *Alevromagiros*, 993 F.2d at 420-21.

Plaintiff offered the testimony of Cynthia Kay Brown, who testified that she expected that the seat belt restraint system of the Kia Sportage at issue would provide protection in a collision.

So, what does the testimony and evidence elicited in this case show? Only that the Plaintiff has a theory and Dr. Renfroe says the theory is correct - not based on scientific testing or experimentation, but rather based on his own expert speculation and conclusory statements.

The Court has scoured the testimony and evidence and can find nothing in the record which would permit a reasonable fact finder to determine that under all the circumstances presented in this trial that the seat belt restraint system in the subject Kia vehicle failed due to it having been defectively designed and unreasonably dangerous when the vehicle was placed into the stream of consumer commerce by Defendants.

The Supreme Court of Virginia probably best described the situation faced by the Plaintiff in this case in *Logan v. Montgomery Ward,* in which it quoted Dean Page Keeton, writing in the Virginia Law Review, where he noted that in recent years evidence more and more circumstantial has been deemed sufficient to establish negligence on the part of a defendant. However, he further said:

> Even so, liability in most situations still depends on negligence, and, moreover, some of the problems involved in proving negligence are very much the same as those related to proof of a defect in a product that will constitute the basis for a finding of breach of an implied warranty. The principal obstacle on a negligence theory is not the substantive law as to duty or causation but the <u>unavailability of sufficient evidence of negligence to have the case submitted to the jury</u>.

*Logan v. Montgomery Ward,* 219 S.E.2d 685, 689 (1975) (emphasis added).

While there may be suspicion that the Kia seat belt restraint system failed because of a defective design, the evidence presented is <u>void</u> of any proof of such a defective design. There is nothing in the record from which the jury could find that the seat belt webbing could become routed behind the seat recliner lever and severed by anything that was foreseeable by Defendants. In fact, Dr. Renfroe admitted that he was able to put the seat belt webbing behind the recliner lever only by careful hand manipulation of the webbing. The Plaintiff did not present any admissible

evidence as to the likelihood that the seat belt webbing could become so entrapped behind the metal portion of the seat recliner lever in normal usage of the seat belt restraint system.

Likewise, and of equal importance, there has been no evidence or testimony whatsoever that the seat belt restraint system in the subject Kia Sportage was not in compliance with industry safety standards or government requirements or regulations. Based on one surrogate study that Dr. Renfroe performed with a 2000 Ford Excursion, he testified that there was a safer alternative design available. However, as the Fourth Circuit explained in *Alevromagiros*, "the jurors easily could have been misled or confused by the assumption that one competing product represented the relevant industry-wide standard."

Finally, the Court finds that there is not sufficient evidence to establish the expectations of a reasonable consumer. The only evidence he offered on this point was Ms. Brown's testimony. The Court finds that Ms. Brown's subjective expectations are not sufficient to establish that the seat belt restraint system of the Kia Sportage failed to meet expectations of a reasonable consumer. *Redman,* 111 F.3d at 1181 (*citing Alevromagiros*, 993 F.2d at 421). *See also Greene v. Boddie-Noell Enterprises, Inc*., 966 F. Supp. 416, 419 (W.D. Va. 1997) (noting that individual consumer's subjective expectation is not enough to establish amount of protection that society expects from a product.)

In conclusion, the law is clear and the United States Court of Appeals for the Fourth Circuit, applying Virginia law, in *Alevromagiros* has instructed, that a plaintiff may not prevail in a products liability case by relying on the opinion of an expert which is unsupported by evidence of record such as test data or relevant literature in the field. Such a plaintiff may not introduce a single example of a competing product and purport to make it a standard for the industry.

For all these reasons, the Court finds that there is not sufficient evidence in the trial record to withstand a motion for directed verdict and, thus, the motion for a directed verdict and judgment as a matter of law under Federal Rule of Civil Procedure 50(a) is **GRANTED.**  Judgment is hereby entered in favor of Defendants, Kia Motors Corporation and Kia Motors America, Inc., and against the Plaintiff, Ralph Raymond Brown.

So **ORDERED** this 19th day of January, 2010.


BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Mark F. Conboy, Esquire
Conboy & Associates LLC
Email: conboymark@hotmail.com

J. Kendall Few, Esquire
Email: kelli@jkendallfew.com

Michael Layman Ritchie, Esquire
Ritchie Law Firm
Email: MRitchie@Ritchielawfirm.com

Roger A. Ritchie, Esquire
Ritchie Law Firm, P.L.C.
Email: rritchie@ritchielawfirm.com

Christopher C. Spencer, Esquire
O'Hagan Spencer, LLC
Email: cspencer@ohaganspencer.com

Clem C. Trischler, Esquire
Pietragallo, Bosick & Gordon
Email: cct@pietragallo.com

Georgia S. Hamilton, Esquire
O'Hagan Spencer LLP
Email: ghamilton@ohaganspencer.com

Elizabeth Kinland Shoenfeld, Esquire
O'Hagan Spencer, LLC
Email: ekinland@ohaganspencer.com

Scott W. Monson, Esquire
Gordon & Rees, LLP
Email: smonson@gordonrees.com